1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2   Including Professional Corporations
3  JAMES M. BURGESS, CAL. BAR NO. 151018
   Email: jburgess@sheppardmullin.com
4  PAUL SEELEY, CAL BAR NO. 252318
5  Email: pseeley@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
6  Los Angeles, California 90067
7  Telephone: (310) 228-3700

8

9  Attorneys for Defendant
   EQUATOR, LLC (and formerly known as
10 REOTRANS, LLC)

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  ANTHONY DANIELS, individually, and on behalf of other members of the general public similarly situated,<br><br>17              Plaintiff,<br><br>19      v.<br><br>20  EQUATOR, LLC, a California Limited Liability Company; REOTRANS, LLC, a California Limited Liability Company,<br><br>23              Defendants. | Case No. CV11-10402 JHN (MRWx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br><br>Discovery Document: Referred to Magistrate Judge Michael R. Wilner<br><br><br>[Complaint filed: November 28, 2011] |

The Court hereby **ORDERS** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, and all persons acting in concert or participation with them—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Confidential Information" shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. "Confidential Information" is defined as "Litigation Materials" that would disclose: (a) information that a party is obligated to treat as confidential pursuant to an agreement with a non-party; (b) trade secrets, non-public or proprietary information of a party; (c) confidential research, development, or commercial information of a party; or (d) Equator certification processes, agent identities, agent listings, agent certifications, certified agent performance, non-certified agent performance, property information, client lists, agent lists, vendor lists, financial information, pricing, product information, market data, non-public personal information of individuals, and listing information. Confidential Information includes original information having a confidentiality designation, and any copy, derivative or abstract, as well as any notes, briefs, or references for which that information is the source.

3. "Litigation Materials" is defined as information of any kind that becomes part of the record of these proceedings, is provided by any party in the course of discovery, or is otherwise disclosed in these proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or a Court order, and which can include

documents, things, or testimony.

4. Any Litigation Materials that a supplier asserts constitute or contain Confidential Information must be so designated by such supplier by clearly and prominently marking the Litigation Materials "CONFIDENTIAL". All such Litigation Materials marked "CONFIDENTIAL" shall be used only in accordance with the terms of this Stipulated Protective Order.

5. All Litigation Materials marked "CONFIDENTIAL", and all information derived from such materials, shall be maintained in strict confidence by the receiving party and used by the receiving party solely in the preparation and trial of this action or any appeal from this action, and not for any other purpose. Except as herein provided, the receiving party shall not disclose or permit to be disclosed Litigation Material which is designated "CONFIDENTIAL" to any person other than (1) the Court (including the judge, magistrate judge, any special master appointed by the Court, clerks and other Court personnel, and the jury), (2) the receiving party's outside counsel of record in this action, including their necessary support staff (such as paralegals, secretaries, and clerical personnel), (3) an individual named as a party or an entity named as a party through its representative including officers, executives, or managers of the receiving party; (4) outside experts or consultants as defined in paragraph 7 below, including necessary support personnel, (5) as to any document, its author, its addressee, and any other person indicated on the face of the document as having personally received a copy, (6) an officer or employee of the disclosing party in a deposition of that officer or employee, (7) stenographers and videographers engaged to transcribe and record depositions conducted in this action, (8) any outside document duplication, scanning, imaging, coding, or other support vendor retained by outside counsel of record to process Litigation Materials or to prepare for trial in this case, or (9) jury

consultants retained by outside counsel of record and their necessary support personnel, and mock jurors and focus group participants used by them, who agree to be bound by the terms of this Order. The persons identified in paragraphs 5(2)-(4) and 5(7)-(9) shall first read the Stipulated Protective Order and execute the Acknowledgment annexed as Exhibit A. The originals of executed Acknowledgements shall be retained by the counsel for the party securing the signatures thereto.

6. All those who receive access to Confidential Information pursuant to this Stipulated Protective Order, including all attorneys, shall abide by and be bound by the provisions of this Stipulated Protective Order and use due care to see that its provisions are known and adhered to by those under their supervision or control.

7. For purposes of paragraph 5, an outside expert or consultant shall be defined as a person who (a) is retained or employed as a bona fide expert or consultant for the purposes of this litigation, by or at the direction of outside counsel for a party, and (b) is not an employee of a party and has not been an employee of a party since this litigation was initiated.

8. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Stipulated Protective Order. If, during the course of a deposition the appropriate response to a question may require the disclosure of Confidential Information, or an answer discloses such information, the witness may refuse to answer or the party whose Confidential Information is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until all persons not authorized to receive such Confidential Information have left the room.

9.  Deposition transcripts may be designated either (1) on the record at the time the testimony is recorded (including retroactively), in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL" by the reporter as directed by the designating party, or (2) by written notice, including a list of the pages and line numbers so designated, to the reporter and each party's counsel, given within thirty (30) days after the transcript is received by the witness or his counsel or by any party or its counsel.

10. In the event that any Confidential Information is disclosed in any pleading, motion, deposition transcript, or other paper or thing to be filed with the Court, the disclosing papers shall be accompanied by an application, pursuant to Local Rule 79-5, for an order directing that the papers (or at least the confidential portion thereof) be filed under seal.

11. If a party or a supplying person through inadvertence produces any Confidential Information without labeling, marking or otherwise designating it as such in accordance with the provisions of this Stipulated Protective Order, the supplying person or supplying party may give written notice to the receiving party that such information is deemed Confidential Information and should be treated as such in accordance with the provisions of this Stipulated Protective Order. All receiving parties shall treat such information as Confidential Information pursuant to such notice from the date such notice is received, to the extent such information has not been disclosed to persons outside the noticed level of protection. Disclosure of such information, prior to the receipt of such notice, shall not be deemed a violation of this Stipulated Protective Order.

12. A party shall not be obligated to challenge the propriety of a confidentiality designation referred to in this Stipulated Protective Order at the time

made, and a failure to do so shall not preclude or in any way prejudice any subsequent challenge. Any party, at any stage of these proceedings, may challenge any designation of Confidential Information by giving written notice to all other parties, and to the supplier of such information if he or she is not a party, of such challenge, including reasons for the challenge. The parties, and the supplying persons or entity if applicable, shall try first to resolve such dispute in good faith on an informal basis, as promptly as is reasonably possible. If the dispute cannot be resolved informally, the party challenging the designation of information as "CONFIDENTIAL" may seek appropriate relief from this Court, including under Local Rule 37.

13. The restrictions of this Stipulated Protective Order shall not apply to any information or material which becomes known lawfully to the recipient in manner that does not violate the provisions of this Stipulated Protective Order.

14. This Stipulated Protective Order is intended solely to facilitate the preparation and trial of this case and shall not be considered in any way as an admission or agreement by any party that any designated information actually constitutes or contains any privileged, confidential, or proprietary information.

15. This Order shall not affect a party's right (a) to withhold information on grounds of privilege or immunity from discovery, or (b) to reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL".

16. All Confidential Information disclosed to a receiving party and any notes or other records regarding that information must be maintained in a secure area in the custody of the receiving party's attorneys of record or in a secure area in the

custody of the receiving party's expert(s) and/or consultant(s). Any person with custody of Confidential Information must maintain it in a manner which ensures that access to such information is strictly limited to persons entitled to receive such information in accordance with the provisions of this Stipulated Protective Order.

17. In the event that any person or entity violates or threatens to violate any term of this Stipulated Protective Order, the parties agree that the aggrieved party shall be entitled to obtain injunctive relief against such actual or threatened violation.

18. Within thirty (30) days after the final termination of this action (including all appeals), each party shall assemble all Litigation Materials furnished or designated by any other person as containing Confidential Information and shall, at the election of the receiving person, either destroy or return to the supplying person any originals and all copies of such Litigation Materials.

19. Notwithstanding the foregoing, the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

20. If any person or party having possession, custody or control of any document or information produced in this action and designated CONFIDENTIAL" receives a subpoena or other process or order to produce such information, such person or party shall timely notify the attorneys of record of the disclosing party, shall timely furnish those attorneys with a copy of the subpoena or other process or order, and shall cooperate respecting any lawful procedure sought to be pursued by the disclosing party to prevent the production of such information.

21. This Order shall not bar any attorney herein in the course of rendering advice to his client respecting this litigation from conveying to the client his evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

22. Nothing herein shall abridge the right of any person to seek a modification of this Stipulated Protective Order.

23. The terms and provisions of this Stipulated Protective Order shall survive the termination of this action, and its terms and conditions shall be binding on the parties and on anyone else to whom Confidential Information is disclosed.

**IT IS SO ORDERED.**

DATED: March 1, 2012                    /s/ Judge Wilner
                                        The Honorable Michael R. Wilner
                                        UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM ONLY:

DATED: January __, 2012

          INITIATIVE LEGAL GROUP APC

          By _____
                  GENE WILLIAMS

          Attorneys for Plaintiff
          ANTHONY DANIELS

Dated: January __, 2012

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By _____
                  JAMES M. BURGESS

          Attorneys for Defendant
          EQUATOR, LLC

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DANIELS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUATOR, LLC, a California Limited Liability Company; REOTRANS, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. CV11-10402 JHN (MRWx)<br><br>**ACKNOWLEDGMENT OF NONDISCLOSURE UNDER PROTECTIVE ORDER** |

I, _____(name), acknowledge that I have received and read a copy of the Stipulated Protective Order entered in the action presently pending in the United States District Court for the Central District of California, entitled *Daniels v. Equator, LLC et al*, Case No. CV 11-10402 JHN (MRWx). I agree to comply with and be bound by this Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action arising out of any claim of violation of the Stipulated Protective Order.

Date _____   Signature_____